FILED

06 SEP 19 AM 9:49

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINO WATSON | CASE NO. 05-CV-2323 W (CAB) |
| Petitioner, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| JOHN SALAZAR, Warden, | |
| Respondent. | |

On December 21, 2005 Petitioner Valentino Watson ("Petitioner"), a state prisoner represented by counsel, commenced this habeas corpus petitioner pursuant to 28 U.S.C. § 2254. On February 17, 2006 Respondent John Salazar ("Respondent") moved to dismiss the Petition. On March 3, 2006 Petitioner filed his opposition to Respondent's motion to dismiss. On August 10, 2006 United States Magistrate Cathy Ann Bencivengo issued a Report and Recommendation ("Report") recommending the Court grant Respondent's motion to dismiss. On August 28, 2006 and September 5, 2006 Respondent and Petitioner, respectively, timely submitted objections. The Court decides the matter on the papers and without oral argument. See Civ. L.R. 7.1.(d.1).

05cv2323w

1  For the reasons outlined below, the Court **ADOPTS** the Report and **GRANTS**
2  Respondent's motion to dismiss.

3  ## I.   BACKGROUND

4  On March 30, 1995 Petitioner and his wife had an argument about his wife's son
5  from a previous relationship. (*Report* at 1.)  In the course of the argument, Petitioner
6  repeatedly hit his wife with a baseball bat, shattering her skull, breaking the bones in
7  her left hand, both forearms, both legs and both knee caps. (*Id.*)  Petitioner's wife died
8  as a result of the injuries to her skull. (*Lodgment* 4, at 5.)

9  On November 27, 1995 a jury convicted Petitioner of first degree murder and the
10  court sentenced Petitioner to a term of 25 years to life plus one year. (*Report* at 2.)  On
11  June 10, 1997 the California Court of Appeal affirmed Petitioner's conviction rejecting
12  his arguments that the trial court should have instructed the jury on the lesser offense
13  of voluntary manslaughter and that the instructions the trial court gave regarding
14  Petitioner's voluntary intoxication were confusing. (*Id.*)  On September 24, 1997 the
15  California Supreme Court denied Petitioner's request for review. (*Id.*)

16  On February 17, 2004 Petitioner filed a petition for writ of habeas corpus in the
17  San Diego Superior Court, claiming that the trial court should have given a voluntary
18  manslaughter instruction and that California's acquittal first instruction violates due
19  process. (*Id.*)  On March 4, 2004 the San Diego Superior Court denied the petition.
20  (*Id.*)

21  On May 24, 2004 Petitioner filed a habeas petition with the California Court of
22  Appeal asserting nearly identical claims. (*Id.*)  On June 22, 2004 the Court of Appeal
23  denied the petition. (*Id.*)  On September 21, 2004 Petitioner filed a habeas petition
24  with the California Supreme Court asserting the same two claims he raised in the lower
25  courts and adding several additional claims.  The California Supreme Court denied the
26  petition pursuant to In re Robbins, 18 Cal.4th 770, 780 (1998). (*Id.*)
27  //
28  //

1  On December 21, 2005 Petitioner filed this petition ("Petition") claiming that
2  he was entitled to habeas relief because the trial court: (1) violated his due process
3  rights when it failed to give a voluntary manslaughter instruction; (2) improperly
4  instructed the members of the jury that they could not return a guilty verdict on a lesser
5  charge unless they unanimously found Petitioner not guilty of the greater crime; (3)
6  gave conflicting instructions on Petitioner's voluntary intoxication defense; and (4)
7  gave incomplete voluntary manslaughter instructions.  (*Report* at 2.)  Additionally,
8  Petitioner also claims ineffective assistance of counsel.  (*Id.*)
9  ## II.  LEGAL STANDARD
10  The duties of a district court in connection with a magistrate judge's report and
11  recommendation are set forth in Rule 72(b) of the Federal Rules Of Civil Procedure
12  and 28 U.S.C. § 636(b)(1).  The district court "must make a *de novo* determination of
13  those portions of the report ... to which objection is made," and "may accept, reject, or
14  modify, in whole or in part, the findings or recommendations made by the magistrate."
15  28 U.S.C. § 636(b)(1)(C); see also United States v. Raddatz, 447 U.S. 667, 676 (1980);
16  United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).
17  Federal courts will conduct an independent review of the record to determine
18  whether the state court's decision is contrary to, or an unreasonable application of
19  clearly established Supreme Court Law. See Delgado v. Lewis, 223 F. 3d 976, 982 (9th
20  Cir. 2000).  A state court decision is contrary to clearly established Supreme Court law
21  if it (1) applies a rule that contradicts the governing law set forth in Supreme Court
22  cases, or (2) confronts a set of facts that are materially indistinguishable from a decision
23  of the Supreme Court and nevertheless arrives at the opposite result.  Williams v.
24  Taylor, 529 U.S. 362, 405 (2000).  A state court decision is an unreasonable
25  application of the facts "if the state court identifies the correct governing legal principle
26  from [the Supreme Court's] decisions but unreasonably applies that principle to the
27  facts of the prisoner's case. Id. at 413.
28  //

III.   ANALYSIS

Having read and considered the underlying Petition, Report and Objections thereto, the Court concludes that the Report presents a well-reasoned analysis of the issues raised in Respondent's motion to dismiss.  For the following reasons, the Court finds that the Report correctly concluded that Respondent's motion to dismiss should be granted.

A.   THE PETITION IS UNTIMELY

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one year statute of limitations for section 2254 habeas petitions filed after April 24, 1996.  AEDPA's one year limitations period starts running when the judgment being challenged becomes final by the conclusion of direct review or the expiration of time for seeking such review.  28 U.S.C. § 2244(d).  Because Petitioner did not file for writ of certiorari with the United States Supreme Court, his conviction became final in December 1997.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  (*Report* at 3.)  The limitations period therefore expired in December 1998.  (*Id.*)  Petitioner did not file his federal habeas Petition until December 21, 2005 – approximately seven years after his limitations period expired.  (*Id.*)  Petitioner is not entitled to statutory tolling for the time his state habeas petitions were being reviewed under 28 U.S.C. § 2244(d)(2) because his state habeas petitions were filed approximately five years after the AEDPA statute of limitations period expired.  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001)(state habeas petitions filed after the expiration of AEDPA's statute of limitations period do not toll the one year period).  Accordingly, the Petition is untimely.[1]

_____

[1]Petitioner "does not make a claim that he is entitled to equitable tolling." (*Petitioner's Objections* at 1.)  Nor are there any facts that suggesting Petitioner is entitled to equitable tolling.  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)(equitable tolling may apply if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time).

1    Additionally, Petitioner cannot avoid the statute of limitations due to his alleged

2   actual innocence.  The "actual innocence" exception to the statute of limitations in

3   habeas cases permits courts to hear Constitutional claims that would otherwise be time-

4   barred if the petitioner's claim of actual innocence is sufficient to bring petitioner within

5   the narrow class of cases implicating a fundamental miscarriage of justice.  (*Report* at

6   4, *Petitioner's Opposition to Motion to Dismiss,* hereinafter *"Opposition"* at 3-4, citing

7   Schlup v. Delo, 513 U.S. 298 (1995).)  To qualify for the actual innocence exception,

8   a Petitioner must show that "it is more likely than not that no reasonable juror would

9   have convicted the petitioner in light of the new evidence."  Schlup, 513 U.S. at 327.

10   The Report concluded that the "evidence highlighted by Petitioner does not meet the

11   *Schlup* standard."  (*Report* at 4.)

12    Petitioner objects to the Report on following three grounds: the Report applied

13   an incorrect standard when it denied his actual innocence claim; Petitioner is actually

14   innocent; and the trial court's failure to instruct the jury on voluntary manslaughter was

15   Constitutional error.  All three of Petitioner's objections are unfounded.

16    Petitioner first objects that the Report denied his actual innocence claim for

17   failure to prove actual innocence when all he was required to prove was that "a court

18   cannot have confidence in the outcome of the trial."  (*Petitioner's Objections* at 6, citing

19   Carriger v. Stewart, 132 F.3d 463, 478 (9th Cir. 1997).)  Petitioner contends that the

20   Report applied a higher standard than that set forth in Carriger based on the

21   Magistrate's statement in the Report that "[b]ecause Petitioner's argument does not

22   suggest his actual innocence, this argument does not defeat the statute of limitations

23   bar."  (*Petitioner's Objections* at 5-6.)

24    Although the above quote from the Report appears to suggest that the Magistrate

25   Judge applied an improperly high standard, taken in context, it is clear that Judge

26   Bencivengo in fact applied the correct standard when analyzing Petitioner's actual

27   innocence claim.  The sentence Petitioner objects to is merely a conclusory sentence

28   summarizing the Magistrate's finding that Petitioner failed to meet the standard of

1   actual innocence and therefore his actual innocence claim does not defeat the statute
2   of limitations bar.   Additionally, this Court, applying <u>Carriger</u> and conducting an
3   independent examination of the facts, is confident in the outcome of Petitioner's jury
4   trial and does not find that it is more likely than not that no reasonable juror would
5   have convicted Petitioner in light of the evidence in his habeas petition.

6           Petitioner next objects on the grounds that he is actually innocent because "the
7   evidence supports that this was a crime of passion." (*Petitioner's Objections* at 6.)
8   Petitioner claims that because he was intoxicated, possibly suffering from a
9   hypoglycemic episode and angry at his wife at the time he killed her, he could not form
10  the necessary mental state required for both first and second degree murder.[2]
11  (*Petitioner's Objections* at 2.) The Report concluded that based on Petitioner's evidence,
12  "a reasonable juror could have concluded that Petitioner had malice aforethought that
13  arose during or before the last argument with his wife." (*Report* at 5.)   Therefore, the
14  "record does not support a conclusion that it is more likely than not that no reasonable
15  juror would have found Petitioner guilty of murder beyond a reasonable doubt." (*Id.*)
16  Petitioner's objection that he is actually innocent does not raise any arguments that
17  have not already been addressed and rejected by the Report.   Having reviewed
18  Petitioner's evidence, the Court agrees with the Report.[3]   There was ample evidence
19  in the record from which a reasonable juror could have concluded that Petitioner
20  formed the requisite intent for murder. <u>See</u> (*Report* at 5) (noting that Petitioner struck
21  his wife nine times with a baseball bat after a series of arguments about his "lazy, well
22  educated stepson").

23

24

---

25         [2] Petitioner realizes that evidence of his possible intoxication, hypoglycemic shock, and
26  anger, is not new evidence.   However, Petitioner's argument is that "[b]ecause the [sic] refusal
    of the trial court   to instruct on voluntary intoxication, and the lesser charge of voluntary
27  manslaughter, petitioner is actually innocent of the crime of murder." (*Petition* at 3.)

28         [3]In his Opposition, Petitioner argued that "[h]is act was one of passion, lacking malice
    aforethought, and therefore, at most manslaughter." (*Opposition* at 2-3.)

1    Petitioner also objects to footnote 2 of the Report, which says that there is no
2 clearly established Supreme Court law which requires a trial court to instruct on a lesser
3 included offense in non-capital cases. (*Report* at 4.)  Petitioner's third objection is
4 meritless since it is irrelevant because "[w]ithout any new evidence of innocence, even
5 the existence of a concededly meritorious constitutional violation is not in itself
6 sufficient to establish a miscarriage of justice that would allow a habeas court to reach
7 the merits of a barred claim."  Schlup, 513 U.S. at 316.  Therefore, because a
8 constitutional violation without new evidence is insufficient to meet the actual
9 innocence exception, Petitioner's third objection is meritless.

10    Finally, Petitioner's "actual innocence" claim fails because Petitioner failed to
11 provide "newly discovered evidence sufficiently probative of [petitioner's] actual
12 innocence to allow him to pass through the Schulp actual innocence gateway[.]" Van
13 Burskirk v. Baldwin, 265 F.3d 1080, 1084 (9th Cir. 2001). Petitioner does not pass
14 through the actual innocence gateway because, by his own admission, he did not
15 produce any new evidence to the Court. (*Opposition* at 4.)  Evidence of Petitioner's
16 intoxication, hypoglycemic shock, and anger towards his wife was presented at trial and
17 is therefore obviously not new evidence. (*Lodgment* 4 at 8.)

18    Accordingly, the Court **OVERRULES** Petitioner's objections and **DISMISSES**
19 his Petition as untimely.

20    **B.   PETITIONER'S CLAIMS ARE NOT PROCEDURALLY BARRED**
21 In addition to recommending dismissal of the Petition for untimeliness, the
22 Report recommended finding that Respondent's procedural default claim fails because
23 Respondent did not meet his burden of establishing the adequacy of the timeliness bar.
24 (*Report* at 9.)  Respondent objects to the Report claiming that the Court should not
25 follow King v. Lamarque, 455 F.3d 1040 (9th Cir. 2006) and that under Bennett v.
26 Mueller, 322 F.3d 573 (9th Cir. 2003), Petitioner did not satisfy his burden of pleading
27 inconsistencies or inadequacies of the California timeliness bar. (*Respondent's Objections*
28 at 2.)

1    Under <u>Bennett</u>'s burden-shifting analysis, after Respondent pled the existence
2  of an independent and adequate state procedural ground as an affirmative defense,
3  Petitioner was required to "place that defense in issue[.]"  <u>Bennett</u>, 322 F.3d at 586.
4  "In most circumstances, the best method for petitioners to place the defense in issue is
5  to assert 'specific factual allegations that demonstrate the inadequacy of the state
6  procedure' by citing relevant cases."  <u>King</u>, 455 F.3d at 1044, <u>citing</u> <u>Bennett</u>, 322 F.3d
7  573.  However, once the Ninth Circuit finds "a procedural rule to be inadequate,
8  petitioners may fulfill their burden under <i>Bennett</i> by simply challenging the adequacy
9  of the procedure; the burden then shifts back to the government to demonstrate that
10  the law has subsequently become adequate."  <u>Id.</u>

11    The Ninth Circuit has held that California's timeliness rule is inadequate because
12  there are no standards for determining what period of time or factors constitute
13  "substantial delay" in noncapital cases, nor are there standards for determining what
14  factors justify any particular length of delay.  <u>King</u>, 455 F.3d at 1043.   Accordingly,
15  Petitioner fulfilled his burden of challenging the timeliness rule's adequacy when he
16  cited <u>Saffold v. Carey</u>, 312 F.3d 1031, 1035-36 (9th Cir. 2002) (delay of four and a half
17  months was not found to be unreasonable by a California court).

18    Respondent argues that Petitioner did not meet his burden because <u>Saffold</u>
19  concerns the wrong legal issue, has been criticized, and is no longer good law.
20  (<i>Respondent's Objections</i> at 2.)  However, "[b]ecause under <u>Bennett</u>, the government
21  bears the ultimate burden of establishing the adequacy of a rule, this burden 'should
22  exist whether or not the petitioner identifies the correct basis upon which to challenge
23  the adequacy of the rule."  (<i>Report</i> at 9, citing <u>King</u>, 455 F.3d at 1044.)  Accordingly,
24  Petitioner met his burden under <u>King</u> and the burden shifted back to Respondent.
25  Because Respondent provided no further support for the untimeliness bar to be
26  considered adequate, Respondent did not satisfy his burden of proof on this issue.[4]
27
28    [4]The Court is aware that on December 25, 2005 Magistrate Judge Bencivengo ordered
Respondent not to file a response to Petitioner's opposition to the motion to dismiss. However,

(*Report* at 9.)

Finally, Respondent argues that <u>King</u> should not be followed because it is wrongly decided, conflicts with <u>Bennett</u>, and misapplies state law. (*Respondent's Objections* at 3.) As Respondent surely knows, <u>King</u> is a Ninth Circuit decision which is binding precedent on this Court. Even if the Court were persuaded by Respondent's argument, which it is not, the Court is not free to ignore Ninth Circuit precedent. In any event, <u>King</u> does not conflict with <u>Bennett</u> but instead creates an exception to the petitioner's burden in situations where the Ninth Circuit has already found a given rule to be inadequate as a procedural bar. <u>King</u>, 455 F.3d at 1044.

Accordingly, the Court **OVERRULES** Respondent's objections to the Report's findings on procedural default.

## IV. CONCLUSION AND ORDER

In light of the foregoing, the Court **ADOPTS** the reasoning and findings contained in the Report. For the reasons stated in the Report, which is incorporated herein by reference, the Court **GRANTS** Respondent's motion to dismiss. The Clerk of Court shall close the district court case file.

**IT IS SO ORDERED.**

DATE: September 15, 2006

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

CC: HON. CATHY ANN BENCIVENGO, UNITED STATES MAGISTRATE JUDGE

---

the Court finds that because the motion to dismiss is granted on other grounds, additional briefing on this issue would be superfluous.